b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| LAKESHIA DEAN,<br>Plaintiff | CIVIL DOCKET NO. 2:24-CV-01750 |
| VERSUS | JUDGE EDWARDS |
| RAIN CII CARBON L L C,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Compel Discovery Responses (ECF No. 54) filed by Defendant Rain CII Carbon, LLC ("Rain"). Intervenor Ace American Insurance Company ("Ace") opposes. ECF No. 61.

IT IS ORDERED that Rain's Motion to Compel Discovery Responses (ECF No. 54) is GRANTED IN PART and DENIED IN PART in the following respects:

With respect to Request for Production 1, Ace is ORDERED to amend its previously submitted privilege log within **seven days** to comply with the requirements set forth in Federal Rule of Civil Procedure 26(b)(5)(A). IT IS FURTHER ORDERED that Ace must formally certify to Rain that the amended privilege log contains an entry for *all* redacted and/or withheld materials responsive to Request for Production 1.

With respect to Requests for Production 4, 8, and 11, Ace is ORDERED to, within seven days, either (a) formally certify to Rain that no responsive materials

exist, or (b) produce any and all non-privileged responsive materials and complete a privilege log describing any withheld and/or redacted responsive materials.

With respect to Interrogatories 7 and 9, Ace is ORDERED to, within **seven days**, either: (a) formally certify its answer is complete, and no additional information is being withheld, or (b) complete a privilege log indicating what information it is withholding and the basis for doing so.

If further relief is warranted after review of the amended privilege log(s), Rain may file a motion to compel at that time.

The Motion to Compel Discovery Responses (ECF No. 54) is DENIED IN PART in all other respects.

## I. Background

Lakeshia Dean ("Dean") alleges she sustained injuries while delivering petroleum coke to a refinery owned and operated by Rain. ECF No. 1-2 at ¶4. At the time of that delivery, Dean worked as a truck driver for Savage Services Corporation ("Savage Services"). *Id.* She asserted premises liability claims against Rain in state court. *Id.* ¶¶5–8 & ECF No. 1-4. Rain removed to this Court. ECF No. 1.

Ace subsequently filed a Petition of Intervention naming Dean and Rain as defendants. ECF No. 35 ¶1. Ace allegedly provided a Workers' Compensation insurance policy to Savage Services. *Id.* ¶2. Ace further alleged it had "made payments to or on behalf of [Dean] as a result of injuries sustained in the accident" and was thus "entitled to recover . . . from any person or entity legally at fault" for those injuries. *Id.* ¶¶5–6.

On June 2, 2026, Rain served Ace with its First Set of Requests for Production and Interrogatories. ECF No. 54-4 at 12–13. After Ace responded, Rain informed Ace that it deemed some of the responses deficient. *Id.* at 7–9. Ace and Rain conferred by telephone. ECF No. 54-1 at 1.

During this conference, Ace agreed to, among other things, (1) "produce a privilege log for all redacted items in the CORVEL adjuster notes to provide detail sufficient to allow Rain to determine the applicability of the asserted privilege," (2) "produce all correspondence between ACE/ACE's counsel and Plaintiff/Plaintiff's counsel," and (3) supplement several interrogatory answers. ECF Nos. 54-1 at 1 & 54-4 at 1–3.

On July 20, 2026, Ace served supplemental answers and responses and provided a privilege log. ECF No. 54-1 at 2. Rain contends this supplemental production cured all but two deficiencies. *Id.* Specifically, Rain maintains the provided privilege log is deficient and Ace failed to either produce its correspondence with Dean or Dean's counsel or to log such correspondence as withheld on a privilege log. *Id.*

Rain now moves this Court to order Ace to (1) "serve a privilege log identifying the author, recipients, date, and subject matter of each document Ace is withholding or redacting on privilege or work-product grounds," (2) "log every document Ace has withheld or redacted from the claim produced in response to" Requests for Production 1, 4, 8, and 11 and Interrogatories 7 and 9 or "confirm that Ace has withheld nothing beyond the entries already logged," (3) "produce unredacted [] logged entries

predating the involvement of outside counsel in the claim file, whose work-product claims Rain asks the Court to overrule," and (4) "produce all correspondence between Ace or its counsel and [Dean] or [Dean]'s counsel responsive to Request for Production [] 8." ECF No. 54 at 1.

## II. Law and Analysis

### A. Civil Discovery

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."[1] Fed. R. Civ. P. 26(b)(3)(A). However, these materials may be discoverable if a "party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). "The burden of establishing that a document is work product is on the party who asserts the claim, but the burden of showing that the materials that constitute work product should [] be disclosed is on the party who

---

[1] "Despite the language of Rule 26, the work-product doctrine protects both 'tangible and intangible' work product." *Adams v. Mem'l Hermann*, 973 F.3d 343, 349–50 (5th Cir. 2020).

seeks their production." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985).

"The work product privilege protects two categories of materials: ordinary work product and opinion work product, focusing on materials assembled and created in anticipation of litigation." *Flex Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, No. 09-CV-1815, 2011 WL 2434095, at *1 (W.D. La. June 13, 2011). "A document is prepared in anticipation of litigation when the primary motivating purpose behind the creation of the document is to aid in possible future litigation." *Id.* "Excluded from work product materials . . . are materials assembled in the ordinary course of business." *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982) (quotation marks and original alterations omitted).

Additionally, "the attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice" and "communications from the lawyer to his client . . . if they would tend to disclose the client's confidential communications." *Hodges, Grant & Kaufmann*, 768 F.2d at 720–21. "[B]ecause the privilege 'has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose.'" *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). "[A]s a general rule, the attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents" and must instead "be specifically asserted with respect to particular documents." *Taylor Lohmeyer L.*

*Firm P.L.L.C. v. United States*, 957 F.3d 505, 510 (5th Cir. 2020) (quotation marks omitted).

"Determining the applicability of the privilege is a highly fact-specific inquiry, and the party asserting the privilege bears the burden of proof." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (quotation marks omitted). Specifically, the claiming party "must establish that the document contains a confidential communication, between it and a client, made with the client's primary purpose having been securing either a legal opinion or legal services, or assistance in some legal proceeding." *Taylor Lohmeyer L. Firm, 957 F.3d at 510* (quotation marks omitted). "Because the privilege protects only confidential communications, the presence of a third person while such communications are made or the disclosure of an otherwise privileged communication to a third person" waives the privilege unless that person "has a common legal interest with respect to the subject matter of the communication." *Hodges, Grant & Kaufmann*, 768 F.2d at 721.

When a party withholds or redacts information based on attorney-client privilege or the work product doctrine, that party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "When a party relies on a privilege log to assert these privileges, the log must as to each document . . . set[ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or

immunity that is claimed." *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (cited for support in *BDO USA, L.L.P.*, 876 F.3d at 697).

B. Motion to Compel

Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The moving party bears the burden of showing that the materials and information sought are relevant to the action." *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 1866075, at *1 (E.D. Tex. Apr. 14, 2020). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Rule 37 of the Federal Rules of Civil Procedure mandates that a movant's motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *See Dean v. Akal Security, Inc.*, No. 18-CV-00033, 2019 WL 1549017, at *3 (W.D. La. Apr. 8, 2019) (citing *Cottonham v. Allen*, No. 14-CV-729, 2016 WL 4035331, at *2 (M.D. La. July 25, 2016); *Shaw Group Inc. v. Zurich American Insurance Co.*, No. 12-CV-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014)). However, where a Local Rule 37.1 conference would be futile, courts have found that a failure to submit a Local Rule 37.1 certification was not dispositive. *See,*

*e.g., Robinson v. La Dock Co.*, No. 99-CV-1996, 2000 WL 1059860, at *3 (E.D. La. Aug. 1, 2000).

Here, Rain certified it conferred with Ace "in good faith . . . by telephone on July 13, 2026, in an effort to obtain the discovery at issue without court action." ECF No. 54 at 2. However, Ace served supplemental responses after the meet and confer, and Rain does not demonstrate the parties conferred after that production. For that reason, the motion could be denied.

Nevertheless, the Court finds the more prudent course of action is to consider the merits of the motion to compel. First, any meet and confer would have been futile. Ace maintains its discovery responses are adequate. Given those arguments, a meet and confer between the parties would not have been successful. Second, this matter is set for trial in January. ECF No. 60. Prolonging consideration of the merits of the instant motion to compel would inevitably delay the trial.

Accordingly, the Court will consider the merits. At issue are Requests for Production 1, 4, 8, and 11 and Interrogatories 7 and 9.

i. <u>Request for Production 1</u>

Request for Production 1 sought "[t]he complete claim file for the workers' compensation proceeding, including all adjuster notes, claims diary entries, activity logs, and internal memoranda concerning the accident or Plaintiff's alleged injuries." ECF No. 54-3 at 1. Ace objected to this request, asserting attorney-client privilege and work product doctrine. *Id.* & ECF No. 54-5 at 6–7. Subject to those objections, Ace produced "responsive, non-privileged documents Bates numbered

SAVAGE_0001-1128." ECF No. 54-5 at 6–7. Ace additionally "produced a Privilege Log identifying [redacted or withheld] material." Id. at 7.

Rain contends Ace's response is deficient for two reasons. First, Rain argues it cannot tell whether Ace has "withheld anything beyond the logged adjuster-note entries." ECF No. 54-1 at 3. Second, Rain urges the privilege log is insufficient because the log (1) appears to encompass ordinary-course documents and (2) fails to adequately describe the materials. ECF No. 54-1 at 4–5.

The Court agrees Ace's privilege log is insufficient. Each entry in the privilege log purports to include a date, Bates number, document description, and basis for the objection or privilege. But, as set forth below, those entries fail to provide the Court with enough information to evaluate the merits of the claimed privileges.

To begin, all but six entries assert the work product doctrine. ECF No. 54-5 at 10–16. However, the provided document descriptions are vague and fail to provide the Court with pertinent information. For example, several of the entries are described as "notes regarding plan of action," "[e]mails" between certain individuals, and "[n]urse case manager communication[s]." *See, e.g., id.* at 12. Nothing in these descriptions suggests the documents were primarily created to aid in litigation. Rather, emails, notes, and nurse case manager communications are the types of materials that would appear to be created in the ordinary course of business. If that is the case, the documents plainly are not protected by the work-product doctrine.

Ace now contends the "claim [] evolved from routine administration into anticipated litigation" after "a Notice of Controversion was filed with the Office of

Workers' Compensation." ECF No. 61 at 3. But Ace does not say when this Notice of Controversion was filed. Nor does Ace adequately explain how that filing transforms what appear to be ordinary-course documents into protected work product. Without that information, the Court cannot evaluate whether these documents were created to aid with litigation.

Moreover, although Ace argues "the redacted communications were created for the express purpose of evaluating, defending, and preparing ACE's legal position," ECF No. 61 at 3, the *privilege log* does not say as much. Indeed, the privilege log provides no information regarding the nature or subject matter of any communications. Without this information, the Court cannot evaluate Ace's work-product doctrine claim. *See United States v. Fluitt*, 99 F.4th 753, 764 (5th Cir. 2024) (finding the magistrate judge did not abuse his discretion in finding privilege log insufficient where the logs did not establish "that the materials were prepared in anticipation of litigation").

Similarly unclear are the entries purportedly containing "the mental impressions, conclusions, or theories of an attorney, or other representative of [Ace]." *See, e.g.,* ECF No. 54-5 at 10. For example, the entry for SAVAGE_0098 is described simply as "Corvel notes regarding plan of action." *Id.* From that description, the Court cannot ascertain who wrote those notes,[2] or how (or whether) those notes include an attorney's mental impressions, conclusions, or theories.

[2] The entries that name individuals fail to state the individual's role in the litigation.

The remaining six entries claim to be protected by attorney-client privilege. ECF No. 54-5 at 14 (0048), 15 (0030, 0029), & 16 (0013–0014, 0011, 0010–0011). Again, however, the document descriptions fail to provide the Court with enough information. None of the entries describe the nature or subject matter of those communications. Nor do the entries specifically identify the role or relationship of the individuals involved in the communication (i.e., attorney, client, third party). This information is necessary for evaluating Ace's privilege claim. *See Fluitt, 99 F.4th at 764* (finding the magistrate judge did not abuse his discretion in finding privilege log insufficient where the log did "not disclose the roles of the parties to the communications" or "describe the nature of the communications (legal or non-legal) over which attorney-client privilege is asserted").

Ace's privilege log thus fails to include sufficient information to allow either Rain or the Court to evaluate its privilege and work-product doctrine claims. Accordingly, Ace is ordered to amend its privilege log to comply with the requirements set forth in Rule 26(b)(5)(A). Ace is additionally ordered to formally certify the amended privilege log has an entry for all redacted and/or withheld materials. Put differently, Ace must confirm it has withheld or redacted nothing beyond the documents and/or materials included in the privilege log.

The Court declines to order Ace to produce the documents in the privilege log. As it stands, it appears possible those documents may be privileged. The more prudent course of action is to give Ace time to amend its privilege log. Once Rain has reviewed the amended privilege log, it may file a motion to compel, if necessary.

Ace is forewarned that the continued failure to produce an adequate privilege log may be construed as a waiver of any privilege or protection. *See BDO USA, L.L.P.*, 876 F.3d at 697 ("Continual failure to adhere to Rule 26's prescription may result in waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith.").

ii. <u>Request for Production 4</u>

Request for Production 4 sought "[a]ll surveillance materials concerning Plaintiff, including video, photographs, and investigator reports, whether or not used in the workers' compensation proceeding." ECF No. 54-3 at 2. Ace objected to this request, asserting attorney-client privilege and work product doctrine. *Id.* & ECF No. 54-5 at 8. Subject to that objection, Ace stated that "no video, surveillance tapes and/or audio tapes are available at this time." ECF Nos. 54-3 at 2 & 54-5 at 8.

Ace cannot be compelled to produce discovery that does not exist. However, in its response, Ace states "surveillance materials prepared in anticipation of litigation constitute protected work product." ECF No. 61 at 4. This statement suggests surveillance materials do exist, which appears to be contrary to Ace's assertion in its supplemental response.

Accordingly, Ace is ordered to either: (a) formally certify to Rain that no responsive materials exist, or (b) produce any and all non-privileged responsive materials and complete a privilege log describing any withheld and/or redacted responsive materials.

iii. <u>Request for Production 8</u>

Request for Production 8 initially sought "[a]ll correspondence between [Ace] and Plaintiff, Plaintiff's counsel, or Savage Services concerning the accident or Plaintiff's alleged injuries." ECF No. 54-3 at 3. Ace objected to this request as vague, ambiguous, and unduly burdensome and further claimed these materials were protected by attorney-client privilege and work product doctrine. *Id.* However, during the meet and confer, "Rain agreed to withdraw its request for communications between Ace and Savage, and Ace agreed to produce all communications between Ace and Plaintiff or Plaintiff's counsel." ECF No. 54-1 at 5.

Ace later renewed its previous objection. ECF No. 54-5 at 9. Subject to those objections, Ace claimed that "all correspondence between [it] and Plaintiff and/or Plaintiff's counsel prior to obtaining counsel are contained within the adjuster notes which are attached to Request for Production [] 1." ECF No. 54-5 at 9. Ace stated it produced a privilege log identifying any withheld or redacted information. *Id.*

After Rain moved to compel these communications, Ace argued, for the first time, that the communications were not relevant. ECF No. 61 at 6. Even setting aside the delayed nature of this objection, the Court finds it without merit. To the extent the communications relate to the workers' compensation proceeding, such communications "may contain information concerning [Dean's] injuries and medical treatment, the factual development of the workers' compensation claim, medical evidence provided to Ace, statements concerning the accident and its consequences, and other facts bearing on the issues presented in this case." ECF No. 64 at 4. These communications are clearly relevant.

Also without merit are Ace's objections that the request is vague, unduly burdensome, or ambiguous. "[T]he party resisting discovery must show specifically . . . how each [request] is overly broad, burdensome[,] or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quotation marks omitted). "[B]oilerplate or unsupported objections—even when asserted in response to a specific discovery request . . . —are [] improper and ineffective." *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014). Ace thus fails to show why the discovery "should not be permitted" on the asserted grounds. *Van Dyke*, 2020 WL 1866075, at *1.

Left remaining are Ace's objections that the materials are "protected by attorney-client privilege and work product doctrine." ECF No. 54-3 at 3. Ace wholly fails to establish these objections apply. Ace previously represented that it included the requested correspondence in the produced privilege log, but the privilege log does not appear to include any communications with Dean or Dean's counsel.[3]

Accordingly, IT IS ORDERED that Ace must either (a) formally certify to Rain that no responsive materials exist, or (b) produce any and all non-privileged responsive materials and complete a privilege log describing any withheld and/or redacted responsive materials.

The Court declines to order Ace to produce responsive documents because those documents may be privileged. If necessary, Rain may file a motion to compel after reviewing the amended privilege log.

[3] At least some communications appear to exist that are not described in the privilege log. *See* ECF No. 54-1 at 6–7 (describing a responsive document produced by Rain's counsel).

iv. <u>Request for Production 11</u>

Request for Production 11 sought "[a]ll reports, records, correspondence, and billing concerning the second medical opinion examination of Plaintiff conducted by Dr. Douglas Lurie [("Dr. Lurie")], including the physician's report, any addenda or supplemental reports, and all communications between you and Dr. Lurie or his office concerning Plaintiff or the accident." ECF No. 54-3 at 4. Ace objected to this request, asserting attorney-client privilege and work product doctrine. *Id.* Subject to that objection, Ace attached the reports completed by Dr. Lurie. *Id.*

The privilege log does not identify anything withheld in response to this Request for Production. ECF No. 54-1 at 3. However, Ace's argument suggests "communications, correspondence, or other materials relating to the procurement of" Dr. Lurie's report exist. ECF No. 61 at 5. If responsive documents exist and were withheld and/or redacted, Ace must complete a privilege log.

Accordingly, Ace is ordered to either: (a) formally certify to Rain that no other responsive materials exist, or (b) produce any and all non-privileged responsive materials and complete a privilege log describing any withheld and/or redacted responsive materials.

v. <u>Interrogatory 7</u>

Interrogatory 7 asks Ace to "[s]tate whether you have at any time terminated, suspended, reduced, controverted, or denied benefits to Plaintiff, and if so, state the date of each such action, the type of benefit affected, and the factual and medical basis for the action." ECF No. 54-3 at 6. Ace objected to this interrogatory as vague,

ambiguous, and unduly burdensome and further claimed it sought information protected by attorney-client privilege, work product doctrine, and/or an attorney's mental impressions, conclusions, or theories. *Id.* at 6–7. Subject to those objections, Ace answered as follows: "Intervenor issued the initial payment for benefits on July 31, 2024. Intervenor suspended benefits on December 11, 2024 due to Plaintiff not attending the scheduled SMO. Intervenor reinstated benefits on January 8, 2025." *Id.*

Ace's objection fails to explain why or how the request is vague, ambiguous, or unduly burdensome. Moreover, although Ace asserts various privileges, the privilege log does not identify anything withheld in response to this Interrogatory. ECF No. 54-1 at 3. If Ace is withholding additional information based on privilege, Ace should complete a privilege log.

Accordingly, Ace is ordered to either: (a) formally certify its answer is complete, and no additional information is being withheld, or (b) complete a privilege log indicating what information it is withholding and the specific basis for doing so.

vi. **Interrogatory 9**

Interrogatory 9 asks Ace to "[s]tate whether you contend that any condition or injury Plaintiff attributes to the accident is, in whole or in part, pre-existing, degenerative, or unrelated to the accident, and if so, state the factual basis for that contention. If your contention is based on the professional or medical opinion of another individual, please identify that individual, including his or her contact information." ECF No. 54-3 at 8. Ace objected to this interrogatory as an improper

contention interrogatory and further claimed it sought information subject to attorney-client privilege, work product doctrine, and/or an attorney's mental impressions, conclusions, or theories. *Id.* at 9. Subject to that objection, Ace answered as follows: "Ace contends that Plaintiff's condition and/or injuries as related to her lumbar and cervical spine are related to the workplace accident in question." ECF No. 54-4 at 5.

Again, however, the privilege log does not identify anything withheld in response to this Interrogatory. ECF No. 54-1 at 3. If Ace is withholding additional information based on privilege, Ace should complete a privilege log.

Accordingly, Ace is ordered to either (a) formally certify its answer is complete, and no additional information is being withheld, or (b) complete a privilege log indicating what information it is withholding and the basis for doing so.

## III. Conclusion

IT IS ORDERED that Rain's Motion to Compel Discovery Responses (ECF No. 54) is GRANTED IN PART and DENIED IN PART.

With respect to Request for Production 1, Ace is ORDERED to amend its previously submitted privilege log within **seven days** to comply with the requirements set forth in Federal Rule of Civil Procedure 26(b)(5)(A).

IT IS FURTHER ORDERED that Ace must formally certify to Rain that the amended privilege log contains an entry for *all* redacted and/or withheld materials responsive to Request for Production 1.

IT IS FURTHER ORDERED that, with respect to Requests for Production 4, 8, and 11, within seven days, Ace will either: (a) formally certify to Rain that no responsive materials exist, or (b) produce any and all non-privileged responsive materials and complete a privilege log adequately describing any withheld and/or redacted responsive materials, all as set forth above.

IT IS FURTHER ORDERED that, with respect to Interrogatories 7 and 9, within seven days, Ace will either: (a) formally certify its answer is complete, and no additional information is being withheld, or (b) complete a privilege log indicating what information it is withholding and the basis for doing so.

IT IS FURTHER ORDERED that the Motion to Compel Discovery Responses (ECF No. 54) is DENIED IN PART in all other respects.

SIGNED on Monday, November 9, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE